UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOVAN UNDERDUE,

        **Petitioner,**

v.                                   9:14-CV-0099
                                         (MAD/TWD)

PEOPLE OF THE STATE OF NEW YORK,

        **Respondent.**

---

**APPEARANCES:**                     **OF COUNSEL:**

**JOVAN UNDERDUE**
**09-A-2705**
Petitioner, *pro se*
Attica Correctional Facility
Box 149
Attica, New York 14011

**MAE A. D'AGOSTINO**
**United States District Judge**

### DECISION and ORDER

### I. INTRODUCTION

    Petitioner Jovan Underdue has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a memorandum of law, and several state court records. Dkt. No. 1, Petition; Dkt. No. 1-1, Memorandum of Law; Dkt. No. 2, State Court Records. He is confined at the Attica Correctional Facility and has paid the required filing fee.

### II. THE PROPER RESPONDENT

    Petitioner has named the People of the State of New York as Respondents. The proper

Respondent is the superintendent of the facility in which he is incarcerated. *See* Rule 2 (a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody"). In light of this technical error, the Clerk is directed to terminate the currently named Respondent and substitute the appropriate superintendent.

### III. THE PETITION

Petitioner challenges a 2009 judgment of conviction in Albany County Court of first degree murder and other related charges. Dkt. No. 1 at 2. He states that his conviction was affirmed by the Appellate Division, Third Department, on November 3, 2011, and that on June 29, 2012, the New York Court of Appeals denied leave to appeal. *See id.* at 3.

Petitioner raises the following grounds for habeas relief: (1) his statements to police should have been suppressed; (2) physical evidence discovered as a result of his statements to police should have been suppressed as "fruit of the poisonous tree;" (3) trial counsel was ineffective; (4) the evidence was insufficient to support his convictions for first degree murder and second degree criminal possession of a weapon, and the verdict was against the weight of the evidence; and (5) the sentence was harsh and excessive. Dkt. No. 1 at 5-6 and attached handwritten pages numbered 1-5. For a more complete statement of Petitioner's claims, reference is made to the petition.

### IV. TIMELINESS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state

court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the latest of several events: the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review; the date on which an unconstitutional, state-created impediment to filing a habeas petition was removed; the date on which the Supreme Court initially recognized the constitutional right on which the petitioner bases his habeas application if that right was newly recognized and made retroactively applicable; or the date on which the petitioner could have discovered the factual predicate for the claim or claims presented through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(A)-(D); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 652-53 & n.9 (2012).

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *See Gonzalez*, 132 S. Ct. at 653; *Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009).

Here, the New York Court of Appeals denied leave to appeal on June 29, 2012. Dkt. No. 1 at 3. Petitioner's conviction became final ninety days later, on September 27, 2012. He had until September 27, 2013 to file a timely section 2254 habeas petition. His petition, dated December 10, 2013 (notarized on December 18, 2013), and received by the Court on January 30, 2014, is several months late.

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time

during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Saunders*, 587 F.3d at 548 (citation omitted); *Smith*, 208 F.2d at 16. Here, Petitioner indicated in his petition that he has not filed any other state court applications for relief. *See* Dkt. No. 1 at 3. Therefore, based upon the information contained in the petition, statutory tolling does not apply.

The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *See McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1931 (2013); *Rivas v. Fischer*, 687 F.3d 514, 551-52 (2d Cir. 2012).

There is no indication in the petition of any reason why equitable tolling should apply, and Petitioner has not alleged any basis to apply an equitable exception to the statute of limitations. Therefore, it appears that the statute of limitations has run, justifying dismissal of this petition. The Supreme Court has held that the district court may raise the statute of limitations issue *sua sponte*, but before a court may dismiss the petition *sua sponte* based on the statute of limitations, the petitioner is

entitled to notice and an opportunity to be heard regarding the timeliness issue.  See *Day v. McDonough*, 547 U.S. 198, 209-11 (2006).

Accordingly, Petitioner is directed to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order explaining why the statute of limitations should not bar this petition.  The affirmation shall not exceed twenty (20) pages in length.  If Petitioner is asking the Court to equitably toll the limitations period, he must set forth the facts establishing a basis for the application of equitable tolling as stated above.  If Petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so.  No answer to the petition will be required from Respondent until Petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments in favor of tolling.  If Petitioner fails to comply with this order, or fails to ask for an extension of time to do so, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

## V. CONCLUSION

**WHEREFORE**, the Court hereby

**ORDERS** that the Clerk shall terminate the People of the State of New York as Respondents and substitute the appropriate superintendent; and the Court further

**ORDERS** that Petitioner is directed to file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition.  The affirmation shall not exceed twenty (20) pages in length; and the Court further

**ORDERS** that if Petitioner is claiming that the statute of limitations should be equitably tolled, he must include the reasons that establish the basis for equitable tolling as set forth in this Decision and

Order; and the Court further

**ORDERS** that if Petitioner is asking that the Court apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so; and the Court further

**ORDERS** that, upon Petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the Court for review; and the Court further

**ORDERS** that if Petitioner fails to submit the required affirmation, or fails to ask for an extension of the time to do so, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d); and the Court further

**ORDERS** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

 **IT IS SO ORDERED.**

Dated: April 14, 2014
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge